UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JIAN GUO YANG,
QINGLAI ZHU,
    *on their own behalf and on behalf of others similarly situated*,
        Plaintiffs,

                      **REPORT & RECOMMENDATION**
                      19-CV-5203-CBA-SJB

- against -


ZHOU'S YUMMY RESTAURANT, INC.,
    *doing business as Zhou's Yummy*,
JINLIANG ZHOU,
XI QIN WU,
        Defendants.
----------------------------------------------------------------------x

**BULSARA, United States Magistrate Judge:**

      This opinion resolves a pending motion for default judgment filed by Plaintiffs' counsel, who have repeatedly failed to serve the motion on the defaulting parties. Besides this procedural infirmity, which counsel failed to correct despite Court warning, the motion fails on the merits, because the barebones Complaint does not state a federal claim. As explained in detail herein, the motion should be denied, and the Court recommends that the Clerk of Court close the case.

      To understand the motion and the parties' respective positions, an extended detour into the long procedural history of the case is necessary.

FACTS AND PROCEDURAL HISTORY

      Jian Guo Yang ("Yang") first commenced this action on September 12, 2019 on behalf of himself and a putative Fair Labor Standards Act ("FLSA") collective and New York Labor Law ("NYLL") class. (Compl. dated Sept. 12, 2019 ("Compl."), Dkt. No. 1).

He alleged various wage-and-hour claims under both FLSA, 20 U.S.C. §§ 201–219, and NYLL, N.Y. Lab. Law §§ 160–199, 650–665.  Zhou's Yummy Restaurant, Inc. ("Zhou's Yummy"), Jinliang Zhou ("Zhou"), and Xi Qin Wu ("Wu") (collectively, the "Defendants") filed an Answer to the Complaint on October 14, 2019.  (Answer dated Oct. 14, 2019, Dkt. No. 12).  Defendants' counsel at that time was Hang & Associates, PLLC.  (Notice of Appearance dated Sept. 24, 2019, Dkt. No. 7).  Over the following twelve months, the parties engaged in discovery and motion practice.

On April 14, 2020, Plaintiff Qinglai Zhu ("Zhu") joined the action as an opt-in plaintiff.  (Consent to Become Party in a Collective Action dated Apr. 14, 2020, Dkt. No. 31).  Shortly thereafter, the Court denied without prejudice Yang's motion to certify, because the evidence proffered was insufficient to meet the low bar for conditional certification of a collective.  *Yang v. Zhou's Yummy Rest., Inc.*, No. 19-CV-5203, 2020 WL 2738403, at *4 (E.D.N.Y. Apr. 28, 2020).  Nonetheless, Yang was granted leave to supplement and refile the motion.  *Id.*  Yang and Zhu then filed a renewed motion.  (Mot. to Certify FLSA Collective Action dated May 28, 2020, Dkt. No. 34).  This renewed motion was also denied without prejudice after Plaintiffs expressed a desire to compel discovery before seeking collective certification.  (Order dated Feb. 26, 2021).  The motion was never renewed.

Defendants first moved to replace their counsel, Hang & Associates, with attorney John S. Yong on September 22, 2020.  (Mot. to Substitute Att'y dated Sept. 22, 2020, Dkt. No. 49).  This motion was granted but was followed shortly thereafter by a second motion in which Defendants sought to reinstate their original counsel.  (Mot. to Substitute Att'y dated Nov. 2, 2020, Dkt. No. 55).  After directing all the Defendants (or a representative) to appear at a hearing, the Court held a telephonic conference on

November 20, 2020. Not all Defendants appeared. (Order dated Nov. 20, 2020). The Court rescheduled the hearing. Defendants and their incoming and outgoing counsel then appeared at a second hearing held on December 8, 2020. (Min. Entry & Order dated Dec. 8, 2020). The motion to substitute was granted, which resulted in Hang & Associates returning as the counsel of record for all Defendants. (*Id.*).

A little over a month later, Hang & Associates filed a motion to withdraw as counsel for Defendants. (Mot. to Withdraw as Att'y dated Jan. 20, 2021, Dkt. No. 60). The Court held a hearing on the motion, for which Defendants failed to appear and at which the motion was denied. (Min. Entry & Order dated Feb. 23, 2021). The Court reminded Defendants' counsel that it had agreed to represent Defendants *again* despite knowing of previous issues; the Court also indicated it would not permit counsel to simply drop representation after only two months. (Audio Recording of Mot. Hr'g dated Feb. 23, 2021 at 3:40–4:23). In May 2021, Plaintiffs sought to strike Defendants' Answer and to move for default judgment, (Status Report dated May 14, 2021, Dkt. No. 68), a request that was denied because Defendants had appeared, filed an answer, and litigated the case, and Plaintiffs failed to demonstrate that Defendants had not complied with their discovery obligations. (Order dated May 18, 2021).

Plaintiffs subsequently sought a pre-motion conference on an anticipated motion for summary judgment, which prompted Hang & Associates to file a renewed motion to withdraw. (Mot. to Withdraw as Att'y dated Aug. 5, 2021, Dkt. No. 74). None of the Defendants appeared at a telephonic hearing on the motion to withdraw, and the Court granted the motion. (Min. Entry & Order dated Sept. 8, 2021). The Court set a deadline of October 8, 2021 for the Defendants to appear with counsel, or for the Individual Defendants to indicate they were proceeding *pro se*. (*Id.*). Zhou's Yummy was informed

3

that, as a corporation in federal court, it could not proceed *pro se*. (*Id.*). The Court's order permitted Plaintiffs to seek an entry of default if Zhou's Yummy failed to appear through counsel and/or the Individual Defendants failed to indicate that they intended to defend the action. (*Id.*). Neither Individual Defendant appeared, and no counsel appeared on behalf of Zhou's Yummy, which also did not defend the action in any way. The Clerk of Court entered default against all three Defendants on October 21, 2021. (Clerk's Entry of Default, Dkt. No. 82).

Plaintiffs first filed a motion for default judgment on December 21, 2021. (Mot. for Default J. dated Dec. 21, 2021, Dkt. No. 87). On April 22, 2022, the Court ordered Plaintiffs to show cause why the motion should not be denied given Plaintiffs' failure to comply with Local Civil Rule 55.2, which requires the filing of proof of service of the default judgment motion papers. (Order to Show Cause dated Apr. 22, 2022). The Court made clear that "[t]he mailings must have been sent to the individual defendants at their respective last known residences and to the corporate defendant at its last known business address." (*Id.*). In response, Plaintiffs chose to withdraw their motion and to file a new default judgment motion. (Mot. to Withdraw dated May 2, 2022, Dkt. No. 93). Plaintiffs' counsel stated that he would renew the motion "and simultaneously serve the motion papers upon the Defendants at their last know [sic] addresses and electronically file the proof of service of the default motion papers with the Court." (*Id.*).

Plaintiffs filed the renewed motion for default judgment on May 6, 2022. (Mot. for Default J. dated May 6, 2022, Dkt. No. 97). On the same date, Plaintiffs also filed a motion to strike the Answer and "render default judgment," (Mot. to Strike Answer & Render Default J. dated May 6, 2022, Dkt. No. 94), as well as a motion for attorney's fees. (Mot. for Att'y Fees dated May 6, 2022, Dkt. No. 100). The Honorable Carol

4

Bagley Amon referred the motions to the undersigned for report and recommendation. (Order Referring Mots. dated May 9, 2022).

For the reasons stated below, the Court finds that the motion for default judgment should be denied as to all three Defendants: Zhou's Yummy and the two Individual Defendants. Plaintiffs' counsel again failed to comply with Local Civil Rule 55.2 by failing to properly serve the motion for default judgment on Individual Defendants Zhou and Wu. And irrespective of this service failure, the motion fails on the merits as to all Defendants, because Plaintiffs have failed to state a FLSA claim. As a result, the Court respectfully recommends the motion for default judgment be denied and that the Clerk of the Court close this case.

## DISCUSSION

I. Service

Plaintiffs' motion should be denied with respect to Individual Defendants Zhou and Wu for failure to comply with Local Rule 55.2(c).

"Service of the [default judgment] motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency[.]'" *Feng Lin v. Quality Woods, Inc.*, No. 17-CV-3043, 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019) (citing Loc. Civ. R. 55.2 committee note), *report and recommendation adopted*, Order (Mar. 31, 2019); *see also Transatlantic Auto Grp., Inc. v. Unitrans-Pra Co.*, No. 08-CV-5070, 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting the local rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure to promote fairness and efficiency), *report and recommendation adopted,* 2011 WL 4543838 (Sept. 29, 2011). Under Local Rule 55.2(c), "[u]nless otherwise ordered by the

5

Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)." Loc. Civ. R. 55.2(c).

The Court highlighted Local Civil Rule 55.2 in its April 22, 2022 order to show cause. (Order to Show Cause dated Apr. 22, 2022). Plaintiffs had at that time sought default judgment but failed to file proof of service of the motion. The Court warned Plaintiffs and their counsel that Local Rule 55.2 "is strictly construed; failure to comply with its requirements is a basis to deny the motion for default judgment." (*Id.*). Plaintiffs failed to correct the service failure in the renewed motion.

The Certificate of Service accompanying the renewed motion shows that Plaintiffs' counsel mailed copies of the motions to all three Defendants at the exact same address. (Certificate of Service dated May 9, 2022, Dkt. No. 104). The motion was mailed to 41-17 Union Street, which is the business address of Zhou's Yummy Restaurant, not the Individual Defendants' residential address. (*Id.*). Indeed, Plaintiffs' counsel identifies this address as the Individual Defendants' "actual place of business." (Decl. of John Troy in Supp. of Mot. for Default J. dated May 6, 2022, Dkt. No. 98, ¶¶ 7–8). But Defendants Zhou and Wu do not live at their restaurant. The Local Rule required Plaintiffs to serve Zhou and Wu with the default judgment papers at their respective home addresses.

Plaintiffs' counsel's law firm has failed to comply with Local Rule 55.2 on countless occasions in other cases filed in this District. *See, e.g.*, *Feng Lin*, 2019 WL 1450746, at *8 (recommending denial of default judgment motion in part for failure to

6

comply with Local Rule 55.2); Order dated Jan. 5, 2021, *Lin v. Quality Woods, Inc.*, No. 17-CV-3043 (E.D.N.Y. Jan. 5, 2021) (denying default judgment after plaintiff *again* failed to comply with Local Rule 55.2); Order dated Oct. 21, 2022, *Rilloraza v. Rhodes*, No. 21-CV-3305 (E.D.N.Y. Oct. 21, 2022) (denying plaintiff's motion for default judgment for failure to comply with Local Rule 55.2); *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CV-5624, 2020 WL 6370148, at *7–*8 (E.D.N.Y. Aug. 11, 2020) (identifying failure to comply with both Local Rule 55.2(b) and 55.2(c)), *report and recommendation adopted*, 2020 WL 5105063 (Aug. 31, 2020).

They have now done so twice in this case. That is sufficient to deny the motion as to Defendants Zhou and Wu, *Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) (denying default judgment motion against individuals in part for "fail[ure] to include . . . proof of mailing that this motion was served upon defaultees' last known mailing address"), and dismiss the Complaint without prejudice as to them, in light of the repeated failures to comply with the Local Rules. *See Feng Lin*, 2019 WL 1450746, at *8.

II. <u>FLSA Coverage</u>

The motion for default judgment should be denied as to all Defendants because Plaintiffs' Complaint does not state a federal claim. In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL

7

1258482 (Mar. 29, 2016). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotations omitted); *see also* 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2688.1 (4th ed. 2020) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." (footnote omitted)). "[T]he court must accept all well-pleaded allegations in the complaint as true, except those pertaining to the amount of damages." *Pineda v. Masonry Const., Inc.*, 831 F. Supp. 2d 666, 675 (S.D.N.Y. 2011) (citing Fed. R. Civ. P. 8(b)(6); and then citing *Romanowicz*, 577 F.3d at 83 n.6).

Plaintiffs fail to satisfy the coverage requirement for FLSA liability as against the Defendants. Employers are subject to FLSA when their employees are either "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a)(1); *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009). *See generally Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 n.8 (1985). "[T]o properly allege individual or enterprise coverage, [plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce." *Sciacca v. Vectorworks Marine, LLC*, No. 12-CV-1255, 2013 WL 656325, at *4 (M.D.

8

Fla. Feb. 1, 2013) (second and third alterations in original), *report and recommendation adopted*, 2013 WL 655402 (Feb. 22, 2013); *see also Santacruz v. Blok Chocolatier LLC*, No. 19-CV-544, 2021 WL 4341103, at *3 (E.D.N.Y. June 23, 2021), *report and recommendation adopted*, 2021 WL 4340963 (Sept. 23, 2021).

Even when taking all well-pleaded allegations as true and drawing all reasonable inferences in Plaintiffs' favor, they fail to provide the factual detail necessary to support a finding that they were protected by FLSA under either the individual or enterprise coverage prongs.

### A. Individual Coverage

Individual coverage under FLSA can be established where the employee is either engaged in commerce or produced goods in commerce. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007) ("FLSA's individual coverage provision provides that any individual employee engaged in commerce or in the production of goods for commerce is covered by the Act[.]" (quotations omitted)), *aff'd*, 577 F.3d 93 (2d Cir. 2009) (per curiam). Yang makes no plausible showing that FLSA applies to him through either method of establishing individual coverage. (Although Zhu opted into the case, the only allegations in the Complaint relate to Yang's work).

#### i. "Engaged in Commerce"

"Employees are 'engaged in commerce' within the meaning of [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. "As a basic rule, 'if [the plaintiff] did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA.'" *Blok Chocolatier LLC*,

9

2021 WL 4341103, at *4 (alteration in original) (quoting *Yang Li v. Ya Yi Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012)). The Complaint contains no allegations at all regarding Yang's (or anyone else's) "contact with out-of-state customers or businesses[.]" *Id.*; *see also Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2018 WL 3742696, at *5–*6 (E.D.N.Y. May 18, 2018) ("This is not a difficult undertaking—and the barest one—but it is absent. The Amended Complaint could . . . have said something—the faintest pleading would have likely sufficed . . . . The Amended Complaint's barebones allegations about contacts with customers cannot establish individual coverage. . . . [T]he customer-nexus of Plaintiffs' activities are too vague or unspecified to establish they were 'engaged in commerce.'"), *report and recommendation adopted*, Order (Sept. 12, 2018). Instead, the Complaint alleges merely that Yang was a "Barbecue Chef." (Compl. ¶¶ 7, 25, 27). It provides no other information at all about Yang's work or duties or the operations of the restaurant. "In other words, the allegations in the Complaint do not suggest[] that [Yang] was 'engaged in commerce,'" and barely "'describe[] [his] work.'" *Blok Chocolatier LLC*, 2021 WL 4341103, at *4 (third alteration in original) (quoting *Alonso v. Tepa Mar Y Tierra Inc.*, No. 11-CV-1783, 2013 WL 12124018, at *2 (N.D. Tex. Feb. 5, 2013) (concluding that complaint failed to allege existence of FLSA coverage)); *see also Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996, 2021 WL 6065744, at *6 (E.D.N.Y. Dec. 22, 2021) (finding that plaintiff's conclusory allegations that he was a restaurant cook who used food produced outside of New York State were insufficient to prove employee was engaged in interstate commerce), *report and recommendation adopted*, 2022 WL 842666 (Mar. 22, 2022); *Larez v. Hortus NYC Corp.*, No. 20-CV-

10

498, 2021 WL 1209715, at *3 (E.D.N.Y. Mar. 30, 2021) (finding plaintiff failed to allege individual coverage when complaint contained no factual detail about prep cook duties).

### ii. "Production of Goods in Commerce"

Similarly, Yang has not alleged that he produced goods in commerce.

> "Produced" means produced, manufactured, mined, handled, or in any other manner worked on in any State; . . . an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State.

29 U.S.C. § 203(j). The Complaint does not allege that Yang was involved in manufacturing any goods. Again, it alleges only that Yang was a "Barbecue Chef." (Compl. ¶¶ 7, 25, 27). There is no allegation that any food that Yang cooked was made outside of New York or carried across state lines and thus within the channels of "interstate" commerce. Yang, therefore, cannot establish individual coverage by demonstrating production of goods in commerce. *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474, 2022 WL 940504, at *5 (E.D.N.Y. Jan. 25, 2022) (finding that food service worker's failure to allege "where the food was served or delivered, where any vendors were based, or from where [plaintiff] may have sourced supplies" prevented the conclusion that plaintiff was involved in the production of goods for interstate commerce), *report and recommendation adopted*, 2022 WL 939769 (Mar. 29, 2022); *Eduoard v. Nikodemo Operating Corp.*, No. 18-CV-5554, 2019 WL 13219570, at *4 (E.D.N.Y. Oct. 22, 2019) ("[T]he mere fact that [plaintiff, a diner worker] may have regularly handled cleaning supplies or perishable products that originated outside of New York does not satisfy individual coverage under the FLSA."); *Payamps*, 2018 WL 3742696, at *6 (finding allegation that plaintiffs "stocked inventory (*i.e.* handled goods

11

that have arrived at the store), not goods that were to be shipped or delivered outside of New York" insufficient to establish involvement in production of goods in commerce); *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 354 (E.D.N.Y. 2015) ("While Ethelberth might be able to establish individual coverage by showing that these supplies and equipment were shipped to or from overseas or out-of-state destinations during his work shifts, Ethelberth has offered no such evidence."); *Day An Zhang v. L.G. Apparel Inc.*, No. 09-CV-3240, 2011 WL 900183, at *3 (E.D.N.Y. Feb. 18, 2011) ("[P]laintiff alleges she was a factory worker for Defendant's apparel manufacturing business and that Plaintiff is a covered individual within the meaning of the FLSA.  These conclusory allegations, without any factual details addressing defendants' interstate activities, fail to establish that plaintiff was personally engaged in the production of goods for commerce." (citation and quotations omitted)), *report and recommendation adopted*, 2011 WL 900950 (Mar. 15, 2011).

  Without allegations that Yang was engaged in commerce or in the production of goods in commerce, he is unable to establish individual coverage under FLSA. *Fernandez v. Main Glatt Corp.*, No. 12-CV-986, 2014 WL 1310287, at *3 (E.D.N.Y. Mar. 14, 2014) ("As to individual coverage, there are no allegations to suggest that Fernandez engaged in commerce, *i.e.*, that he personally engaged in any 'trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.'  Nor are there any allegations that he produced goods for commerce within the above definition of commerce." (citation omitted)), *report and recommendation adopted*, 2014 WL 1310291 (Mar. 31, 2014) (denying motion for default judgment).

B. Enterprise Coverage

Enterprise coverage exists where an employer has (1) "employees engaged in commerce or in the production of goods for commerce"; and (2) an "annual gross volume of sales made or business done" equal to or greater than $500,000. 29 U.S.C. § 203(s)(1)(A). On default, a plaintiff's allegations are sufficient to subject a defendant to FLSA liability as long as one may reasonably infer that a business was an "enterprise engaged in commerce." *Fermin v. Las Delicias Peruanas Rest.*, 93 F. Supp. 3d 19, 32 (E.D.N.Y. 2015) (citing *Garcia v. Badyna*, No. 13-CV-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014)). "[T]o properly allege . . . enterprise coverage, [a plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer's] business, he must provide only straightforward allegations connecting that work to interstate commerce." *Payamps*, 2018 WL 3742696, at *4 (second and third alterations in original) (quoting *Sciacca*, 2013 WL 656325, at *4).

The Complaint provides the barest of assertions regarding Zhou's Yummy's engagement in interstate commerce. Yang alleges that "Zhou's Yummy is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year." (Compl. ¶ 10). "Zhou's Yummy purchased and handled goods moved in interstate commerce." (*Id.* ¶ 11). Yang goes on to allege "[u]pon information and belief" that Zhou's Yummy constitutes an enterprise as defined in 29 U.S.C. § 203(r) and that the business "was, and continues to be, an 'enterprise engaged in commerce' within the meaning of FLSA." (*Id.* ¶¶ 22–23). No further information about the business is provided, including even what type of food is prepared and served.

These allegations may establish the $500,000 element, but they are otherwise entirely conclusory and do not provide the necessary detail to support a finding that

13

Defendants were engaged in interstate commerce. The Complaint fails to tie Defendants' "business to interstate commerce—either by describing what the employees do and tying that to interstate activity, or by describing what the employees produce and tying that to interstate activity." *Blok Chocolatier LLC*, 2021 WL 4341103, at *5.

The allegation that Zhou's Yummy purchased and handled goods in interstate commerce does little more than parrot the statutory language with synonyms, and says nothing about the employees, including whether any employee is engaged in commerce or working on or selling goods that move in commerce. Such allegations are insufficient to establish enterprise coverage. Where a plaintiff merely repeats the statutory language of FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise "engaged in interstate commerce," the Complaint does not meet the necessary pleading threshold for a default judgment to be entered. *See, e.g.*, *Payamps*, 2018 WL 3742696, at *6 (collecting cases); *see also Aponte v. Clinton St. Pizza, Inc.*, No. 20-CV-2037, 2021 WL 1961646, at *3 (S.D.N.Y. May 17, 2021) (finding that conclusory statements alone without specific supporting factual allegations are insufficient to establish individual or enterprise coverage on default); *Salamanca v. ABC Corp.*, No. 19-CV-1335, 2019 WL 8807843, at *4 (E.D.N.Y. Oct. 30, 2019) (denying default judgment where sole allegation regarding Defendants' business operations was conclusory and a "verbatim recitation of the statute"), *report and recommendation adopted*, 2020 WL 2542497 (May 18, 2020); *Siemieniewicz v. CAZ Contracting Corp.*, No. 11-CV-704, 2012 WL 5183375, at *7 (E.D.N.Y. Sept. 21, 2012) (finding plaintiffs had insufficiently pled enterprise liability in FLSA action under *Iqbal*'s standard where they merely repeated the statutory language that employer was "engaged in interstate commerce and/or production of goods for commerce"), *report and recommendation*

14

*adopted as modified*, 2012 WL 5183000 (Oct. 18, 2012); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85–86 (E.D.N.Y. 2012) ("[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business—however likely the conclusion may seem—is in tension with both the presumption against default and the purpose of Federal Rule of Civil Procedure 55."); *Jones v. E. Brooklyn Sec. Servs. Corp.*, No. 11-CV-1021, 2012 WL 909830, at *1–*2 (E.D.N.Y. Feb. 28, 2012) (recommending the denial of a default judgment motion where the complaint contained "only conclusory statements about interstate commerce"), *report and recommendation adopted*, 2012 WL 909825 (Mar. 16, 2012); *Briggs v. Russell Elec. Constructors, LLC*, No. 18-CV-140, 2018 WL 6839057, at *2 (N.D. Fla. Oct. 5, 2018) ("This Court finds that Plaintiff has not alleged facts that are sufficient to plead either individual or enterprise coverage under the FLSA. The problem with the Complaint is that it did not provide sufficient factual allegations about Defendant's business or the nature of Plaintiff's work. Paragraphs 6 and 7 of the Complaint are just plain recitals of the statute."). Requiring additional facts is not only "more consistent with applicable case law concerning pleading requirements" but also more in line with "FLSA's remedial purpose to require a plaintiff seeking the statute's protection to explain in his pleading just what it is about his employer's business that brings it within the law's ambit." *Siemieniewicz*, 2012 WL 5183375, at *8.

"One can imagine how straightforward it would be to state some fact" showing that Zhou's Yummy, a restaurant, makes food based on items shipped in interstate commerce. *Blok Chocolatier LLC*, 2021 WL 4341103, at *5. "But the Court's duty is to decide motions based on facts pled, not imagination. The Court will not infer an interstate connection where none is alleged." *Id.* Based on the thin factual allegations

15

as pled, the Court cannot infer that Zhou's Yummy was engaged in interstate commerce. If there is no basis to infer that Zhou's Yummy is subject to FLSA, there is no basis to infer that either Individual Defendant is either, since their liability is premised on that of the restaurant. Failure to adequately plead individual or enterprise coverage is enough for the Court to deny a motion for default judgment on the FLSA claims as to all three Defendants.

## CONCLUSION

Thus, the motion for default judgment should be denied as to Defendants Zhou and Wu for failure to comply with Local Rule 55.2.

As to these Individual Defendants and Defendant Zhou's Yummy, the motion also fails on the merits, due to the failure to allege a FLSA claim. In the absence of a federal claim, the undersigned recommends that the Court dismiss the Complaint and decline to exercise jurisdiction over the remaining NYLL claims. *See, e.g.*, *Lamaka v. Russian Desserts Inc.*, No. 18-CV-7354, 2020 WL 42810, at *1–*2 (E.D.N.Y. Jan. 3, 2020). A court "may decline to exercise supplemental jurisdiction over" state-law claims among nondiverse parties where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because of Plaintiffs' failure to establish liability under FLSA, this Court recommends that supplemental jurisdiction should be declined over the NYLL claims. *E.g.*, *Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191, 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) (recommending that motion for default judgment be denied and jurisdiction not be exercised over NYLL claims pursuant to section 1367(c) where plaintiffs failed to plead FLSA claims), *report and recommendation adopted*, Order (Oct. 19, 2020); *Fernandez*, 2014 WL 1310287, at *4 (same); *Byron v. Genovese Drug Stores, Inc.*, No. 10-CV-3313, 2011 WL 4962499, at

*4–*5 (E.D.N.Y. Oct. 14, 2011) (declining to exercise jurisdiction over NYLL claims after FLSA claims were dismissed).

For the reasons stated, the Court respectfully recommends that the motion for default judgment be denied, the Complaint be dismissed without prejudice, and the Clerk of Court be directed to close the case.[1]

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

SO ORDERED.

*/s/ Sanket J. Bulsara December 8, 2022*
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[1] Plaintiffs have also moved to obtain attorney's fees, a motion premised on prevailing on the motion for default judgment.  (Mot. for Att'y Fees dated May 6, 2022, Dkt. No. 100).  In light of the recommendation that the motion for default judgment be denied, the Court also recommends denial of the motion for attorney's fees.  Plaintiffs have also moved to strike Defendants' Answer, a motion that—as its title reflects—is for the purpose of obtaining a default judgment.  (Mot. to Strike Answer & Render Default J. dated May 6, 2022, Dkt. No. 94).  Since the motion to strike and enter default is based on Defendants' failure to defend—and thus entirely duplicative of the present motion—the Court also, for the same reasons, recommends denial of the motion to strike.