Case 1:19-cv-05203-CBA-SJB   Document 108   Filed 03/03/23   Page 1 of 12 PageID #: 1346

Cert. v. Order
Filed Date: 3/3/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JIAN GUO YANG and QINGLAI ZHU,

        Plaintiffs,

-against-

ZHOU'S YUMMY RESTAURANT, INC. d/b/a
ZHOU's YUMMY, JINLIANG ZHOU, and XI
QIN WU,

        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
19-cv-5203 (CBA) (SJB)

**AMON, United States District Judge:**

    Plaintiff Jian Guo Yang commenced this action against Zhou's Yummy Restaurant, Inc. ("Zhou's Yummy"), Jinliang Zhou, and Xi Qin Wu (collectively, "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").  (ECF Docket Entry ("D.E.") # 1 ("Compl.").)  Defendants employed Yang to work as a barbecue chef at Zhou's Yummy from November 2015 to August 10, 2019.  (Id. ¶ 7.)  On behalf of himself and other employees similarly situated, Yang alleged various wage-and-hour claims under both FLSA and NYLL.  (Id. ¶¶ 3-4.)  Yang seeks to recover unpaid overtime compensation, spread of hours premiums, liquidated damages, pre-judgment interest, post-judgment interest, statutory damages for Defendants' failure to furnish employees with accurate wage statements, and attorneys' fees and costs.  (Id.)  Plaintiff Qinglai Zhu (collectively with Yang, "Plaintiffs") joined the action as an opt-in plaintiff.  (D.E. # 31.)  After Defendants' former counsel withdrew for the second time, (see Text Entry dated Sept. 8, 2021), Defendants have failed to appear or otherwise defend against this action.  The Clerk of Court entered default against all three Defendants on October 21, 2021.  (D.E. # 82.)

    Plaintiffs first moved for default judgment on December 21, 2021.  (D.E. # 87.)  I referred the motion for default judgment to the Honorable Sanket J. Bulsara, United States Magistrate

1

Judge, for report and recommendation. (Text Entry dated Dec. 22, 2021.) Magistrate Judge Bulsara ordered Plaintiffs to show cause why the motion should not be denied given Plaintiffs' failure to comply with Local Civil Rule 55.2 ("Local Rule 55.2"), which requires filing proof of service of the default judgment motion papers. (Order to Show Cause dated Apr. 22, 2022 ("Order to Show Cause").) Plaintiffs filed a renewed motion for default judgment on May 6, 2022. (D.E. # 97.) On the same date, Plaintiffs filed a motion to strike Defendants' answer and "render default judgment," (D.E. # 94), as well as a motion for attorneys' fees, (D.E. # 100). I referred those motions to Magistrate Judge Bulsara. (Order Referring Mots. dated May 9, 2022.)

Magistrate Judge Bulsara issued a report and recommendation on December 8, 2022, recommending that I deny Plaintiffs' motion for default judgment against all Defendants and dismiss the Complaint without prejudice. (D.E. # 106 (the "R&R").) Plaintiffs timely objected. (D.E. # 107 ("Obj.").) Having considered the challenged portions of the R&R de novo, I agree with Magistrate Judge Bulsara that Plaintiffs violated Local Rule 55.2(c), the Complaint fails to adequately plead that Defendants engaged in interstate commerce, and the Court should decline to exercise supplemental jurisdiction over Plaintiffs' NYLL claims. I also find no clear error in the unchallenged portion of the R&R. Accordingly, Plaintiffs' motion for default judgment is DENIED as to Zhou and Wu for failure to comply with Local Rule 55.2 and DENIED as to all Defendants due to the failure to adequately plead a FLSA claim. Plaintiffs' Complaint is dismissed without prejudice.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's report and recommendation, I "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Walker v.

2

Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002)). To the extent that a party makes specific objections to a magistrate judge's findings, however, the court must make a de novo determination. See Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010); Fed. R. Civ. P. 72(b)(3). In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

### I. The Report and Recommendation

Magistrate Judge Bulsara recommended that I deny Plaintiffs' renewed motion for default judgment and that the Clerk of Court close the case. (R&R 17.) First, as to the individual defendants, Zhou and Wu, the R&R recommends that the motion for default judgment be denied for failure to comply with Local Rule 55.2. (Id.) The Certificate of Service accompanying the motion reflected that Plaintiffs' counsel mailed copies of the motions to all three Defendants at the same address: 41-17 Union Street, the business address of Zhou's Yummy, not the individual defendants' residential addresses. (D.E. # 104.) Magistrate Judge Bulsara had previously highlighted Local Rule 55.2 in the Order to Show Cause and warned Plaintiffs and their counsel that "failure to comply with its requirements is a basis to deny the motion for default judgment." (Order to Show Cause.)

Second, as to all Defendants, the R&R recommends that the motion for default judgment be denied on the merits for failure to state a FLSA claim. (R&R 16.) Specifically, Magistrate Judge Bulsara found that Plaintiffs failed to allege either individual or enterprise coverage. (Id. at 8-9.) As to individual coverage, Magistrate Judge Bulsara determined that Plaintiffs did not allege that they were either engaged in commerce individually or produced goods in commerce. (Id. at

9-10.) As to enterprise coverage, the R&R states that Plaintiffs' allegations concerning whether the employer has "employees engaged in commerce" are "entirely conclusory" and "do[] little more than parrot the statutory language with synonyms," and therefore cannot support a finding that Defendants were engaged in interstate commerce. (Id. at 13-14.)

Because the R&R recommends that the motion for default judgment be denied, the R&R further recommends denial of the motion for attorneys' fees and denial of the motion to strike Defendants' answer because it is duplicative of the motion for default judgment. (Id. at 17 n.1.)

## II. Plaintiffs' Objection to the R&R

In light of Plaintiffs' timely objection, I have undertaken a de novo review of the full record, including the applicable law, the Complaint, Plaintiffs' submissions, the R&R, and Plaintiffs' objection to the R&R. Plaintiffs object to two of the R&R's conclusions: that the motion for default judgment be denied as to the individual defendants for failure to comply with Local Rule 55.2, and as to all Defendants for failure to allege FLSA enterprise coverage. (Obj. 1.) Plaintiffs do not contest the R&R's conclusion that they have not alleged facts sufficient to show individual coverage under FLSA. (Id. at 3.) I consider Plaintiffs' arguments in turn.

### A. Failure to Comply with Local Rule 55.2

Plaintiffs initially filed a motion for default judgment on December 21, 2021. (D.E. # 87.) Upon referral, Magistrate Judge Bulsara ordered Plaintiffs to show cause why the motion should not be denied given Plaintiffs' failure to comply with Local Rule 55.2. (Order to Show Cause.) In accordance with Local Rule 55.2(c):

> Unless otherwise ordered by the Court, all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) . . . shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual). Proof of such mailing shall be filed

4

>with the Court. If the mailing is returned, a supplemental affidavit shall be filed with the Court setting forth that fact, together with the reason provided for return, if any.

(E.D.N.Y. Loc. Civ. R. 55.2(c) (emphasis added).) Because Plaintiffs had, at that time, failed to file proof of service of the motion, Magistrate Judge Bulsara warned Plaintiffs and their counsel that Local Rule 55.2 "is strictly construed." (Order to Show Cause.) Plaintiffs did not correct the service failure in the renewed motion; instead, the Certificate of Service accompanying the renewed motion reflected that Plaintiffs' counsel mailed copies of the motions to all three Defendants at the Zhou's Yummy business address and business email, zhousbbq@outlook.com. (See D.E. # 104.) Accordingly, service of the notice of motion for default judgment was not in compliance with this Court's Local Rules.

"District courts have 'sound discretion' to grant or deny a motion for default judgment." Guanglei Jiao v. Shang Shang Qian Inc., No. 18-cv-5624 (ARR) (VMS), 2020 WL 6370148, at *6 (E.D.N.Y. Aug. 11, 2020) (citation omitted). That discretion includes the "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Numerous courts have concluded that where a "motion for default judgment was not served properly on [defendants,] . . . the motion must be denied with respect to these defendants." Miss Jones, LLC v. Viera, No. 18-cv-1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019). In their objection, Plaintiffs do not contest the R&R's conclusion that they did not strictly comply with Local Rule 55.2. Instead, Plaintiffs contend that service of the motion papers on the individual defendants by mail to their business address and by email is excusable under the circumstances because those were the best contact methods identified by outgoing counsel, and that in any event, the service deficiency can be cured. (Obj. 1.)

5

Plaintiffs principally rely on Guanglei Jiao v. Shang Shang Qian Inc. to support their argument that "[s]pecial circumstances in this case justify overlooking Plaintiffs' failure to comply" with Local Rule 55.2. 2020 WL 6370148, at *8. There, "[a]t the hearing on the motion to withdraw, Defendants' counsel agreed to provide Defendants' contact information so that the Court and Plaintiffs' counsel [could] 'contact them properly' after representation by Hang & Associates, PLLC, was terminated."[1] Id. Thereafter, outgoing defense counsel "submitted a letter identifying Defendants' contact information, including the preferred address of mailing for each Defendant." Id. The Jiao plaintiffs' mailing of default judgment motion papers was consistent with that letter. Id.

Plaintiffs assert that the circumstances here are "nearly identical." (Obj. 2.) I disagree. Here, at the hearing on former Defendants' counsel's motion to withdraw, counsel was ordered to "serve Defendants via mail, text, and email with" documents relating to the motion to withdraw. (Id.) Defense counsel did so, and their certificate of service identified the Zhou's Yummy business mailing address and email address. But the fact that Defendants' former counsel served Defendants with non-default related papers at a certain address does not excuse Plaintiffs' failure to comply with Local Rule 55.2. Compliance with the Local Rule for proper service "of the motion on non-appearing defendants is of particular importance, because 'mailing notice of such an application is conducive to both fairness and efficiency.'" Miss Jones, 2019 WL 926670, at *4 (quoting Committee Note, Loc. Civ. R. 55.2). That is especially true because Defendants' former counsel mailed those papers to Defendants' business address, (see D.E. # 77 (Certificate of Service of Order on Motion to Withdraw)), but counsel then wrote to inform the Court that the mail sent to Defendants' last known business address "was returned to the undersigned as undeliver[ed],"

---

[1] Both Plaintiffs' counsel and outgoing defense counsel in Jiao were identical to this case. (Obj. 2 n.1.)

(D.E. # 78). Defense counsel further explained that "[t]he undersigned personally visited the business address of Zhou's Yummy Restaurant at 41-17 Union Street, Flushing, NY 11355 earlier today, only to find that Defendants apparently have vacated the premises[.]" (Id.) Not only did Plaintiffs' opposition to defense counsel's motion to withdraw recognize this fact, but Plaintiffs also argued that counsel did not act with the required diligence in attempting to serve Defendants with the notice of motion at that business address. (See D.E. # 79 at 8-9 ("It should have been no surprise that the service mailing was returned as undeliverable . . . . What is surprising is that counsel only '[found] that Defendants had vacated their business premises,' which had been closed in January 2020 . . . in August 2021.").) Thus, there was no reason for Plaintiffs to assume Defendants could be reached at 41-17 Union Street.

Plaintiffs argue that the circumstances of this case militate toward overlooking this procedural failure, but Plaintiffs have also had multiple chances in this case and others to properly serve default judgment papers and have failed to do so. Plaintiffs' counsel's law firm has repeatedly failed to comply with Local Rule 55.2 in other cases filed in this District. (See R&R 6-7 (collecting cases).) In addition, as the R&R notes, Magistrate Judge Bulsara highlighted Plaintiffs' failure to include a proper proof of service upon the filing of their first motion for default judgment. The Order explicitly noted that the individual defendants should be served "at their respective last known residences[.]" (Order to Show Cause.) Thus, even in this case, Plaintiffs have had multiple chances to comply.

I therefore agree with the numerous judges in this District who have denied motions for default judgment for failure to comply with Local Rule 55.2. See, e.g., Feng Lin v. Quality Woods, Inc., No. 17-cv-3043 (DLI) (SJB), 2019 WL 1450746, at *7 (E.D.N.Y. Jan. 28, 2019) (denying default judgment motion against individual defendants in part for mailing motion papers only to

7

business address), report and recommendation adopted, Docket Order (Mar. 31, 2019); United States v. Hamilton, No. 18-cv-2011 (ADS) (SIL), 2019 WL 6830318, at *2-3 (E.D.N.Y. Nov. 26, 2019), report and recommendation adopted, 2019 WL 6828276 (Dec. 13, 2019). Accordingly, Plaintiffs' motion for default judgment is denied.

### B. Failure to Adequately Plead Individual Coverage

Plaintiffs do not contest that the Complaint does not allege individual coverage under FLSA. (Obj. 3.) Thus, no party has objected to this portion of the R&R, and the time for doing so has passed. To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). I have reviewed the record, and finding no clear error, adopt the portion of the R&R concluding Plaintiffs have not adequately pleaded individual coverage under FLSA.

### C. Failure to Adequately Plead Enterprise Coverage

I also agree with Magistrate Judge Bulsara that Plaintiffs do not include sufficient facts in their Complaint to support their conclusory allegations that Zhou's Yummy engages in interstate commerce.

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an admission of all well-pleaded allegations of liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

8

conclusions of law." LaBarbera v. ASTC Lab'ys Inc., 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (citation and quotation marks omitted).

Employers are subject to FLSA when their employees are either "engaged in commerce or in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a)(1); Shim v. Millennium Grp., No. 08-cv-4022 (FB) (VVP), 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009). Enterprise coverage exists where an employer has (1) "employees engaged in commerce or in the production of goods for commerce"; and (2) an "annual gross volume of sales made or business done" equal to or greater than $500,000. 29 U.S.C. § 203(s)(1)(A). Magistrate Judge Bulsara determined that while Plaintiffs' conclusory allegations may be sufficient to show the second prong of enterprise coverage—gross revenue of $500,000—the Complaint was insufficient as to whether Zhou's Yummy engaged in interstate commerce.[2] (R&R 13-14.) "Support for this allegation could be as simple as showing the business handles goods produced out of state." Guanglei Jiao v. Shang Shang Qian Inc., No. 18-cv-5624 (ARR) (VMS), 2020 WL 5105063, at *3 (E.D.N.Y. Aug. 31, 2020).

Plaintiffs point to a few allegations to argue they adequately alleged enterprise coverage, but all the allegations to which they cite merely parrot the statutory language. For example, Plaintiffs allege "Zhou's Yummy is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year" and "Zhou's Yummy purchased and handled goods moved in interstate commerce." (Compl. ¶¶ 10-11.) Plaintiffs also cite paragraphs from each Plaintiff's affidavit containing the exact same provisions. (See D.E. # 98-5 (Yang Aff.) ¶¶ 4-5; D.E. # 98-6 (Zhu Aff.) ¶¶ 4-5.)

---

[2] Although FLSA's statutory language uses the word "commerce," "commerce" as defined in 29 U.S.C. § 203(b) means commerce "among the several States or between any State and any place outside thereof."

9

Some courts have inferred from the nature of a business that it engages in interstate commerce, and Plaintiffs note that courts have made such inferences for restaurants. See Santos v. Cancun & Cancun Corp., No. 21-cv-192 (LDH) (RER), 2022 WL 1003812, at *4 (E.D.N.Y. Feb. 17, 2022) (report and recommendation). For example, in Santos, the plaintiff worked as a server at a Mexican restaurant. Id. at *1. Although the complaint's allegations concerning enterprise coverage were conclusory, the court inferred that a Mexican restaurant "handles a wide range of ingredients and supplies that traveled through interstate commerce." Id. at *4.

But here, Plaintiffs' allegations do not support even a reasonable inference that Defendants engage in interstate commerce. As in Jiao, "Plaintiffs merely re-state the legal standard at issue without providing any supporting facts." 2020 WL 5105063, at *3. As the R&R points out, the allegations do not even include what type of food is prepared and served. (R&R 13.) The Complaint therefore fails to tie Defendants' "business to interstate commerce—either by describing what the employees do and tying that to interstate activity, or by describing what the employees produce and tying that to interstate activity." Santacruz v. Blok Chocolatier LLC, No. 19-cv-544 (EK) (SJB), 2021 WL 4341103, at *5 (E.D.N.Y. June 23, 2021), report and recommendation adopted, 2021 WL 4340963 (Sept. 23, 2021). Plaintiffs ask me to infer from job descriptions (i.e., fry woks, barbecue chefs) that their activity is properly tied to interstate commerce, "[b]ut if plaintiffs' complaint were well pleaded, then I would not need to make a series of inferences to reach the simple conclusion that the defendant was engaged in interstate commerce." Jiao, 2020 WL 5105063, at *3. In line with other judges in this District, I decline to follow cases that have made such inferences "because they are in tension with the presumption against default and the well-established requirement that factual allegations be well-pleaded to enter default judgment." Jiao, 2020 WL 6370148, at *11 (collecting cases); see also Salamanca v.

10

ABC Corp., No. 19-cv-1335 (RRM) (SIL), 2019 WL 8807843, at *4 (E.D.N.Y. Oct. 30, 2019) (denying default judgment where sole allegation regarding Defendants' business operations was conclusory and a "verbatim recitation of the statute"), report and recommendation adopted, 2020 WL 2542497 (May 18, 2020).  Because Plaintiffs do not adequately allege enterprise coverage, they fail to state a federal claim.  Plaintiffs' Complaint is dismissed without prejudice.

### D.  Supplemental Jurisdiction over Plaintiffs' NYLL Claims

Finally, I adopt the portion of the R&R recommending that the Court decline to exercise supplemental jurisdiction over Plaintiffs' NYLL claims against the corporate defendant at this time.  A court may decline to exercise supplemental jurisdiction over NYLL claims where there can be no relief under the FLSA.  See, e.g., 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction.").  In deciding whether to do so, I consider whether declining supplemental jurisdiction would serve "judicial economy, convenience, fairness and comity."  In re Merrill Lynch Ltd. P'ships Litig., 154 F.3d 56, 61 (2d Cir. 1998) (citation and internal quotation marks omitted) (affirming district court's decision declining to exercise supplemental jurisdiction over state law claims after dismissing federal claims).

In their objection, Plaintiffs contend that at this stage of the litigation, "[w]ith a default motion filed and briefed, the Court need only expend minimal judicial resources to conclude this case." (Obj. 5.)  They also maintain that dismissing the state law claims and requiring Plaintifsf to refile in state court after litigating in this court for more than three years would delay recovery against defendants who are no longer defending the case. (Id.)  But here, "[d]eclining to exercise supplemental jurisdiction at this stage just means I choose not to decide the merits of plaintiffs'

11

NYLL claims against the corporate defendant in this opinion to avoid '[n]eedless decisions of state law.'" Jiao, 2020 WL 5105063, at *3 (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)); see also Dixon v. Int'l Unified Workforce, Inc., No. 18-cv-7191 (LDH) (SJB), 2020 WL 6140054, at *4 (E.D.N.Y. Sept. 1, 2020) (recommending that motion for default judgment be denied and jurisdiction not exercised over NYLL claims where plaintiffs failed to plead FLSA claims), report and recommendation adopted, Order (Oct. 19, 2020).

## CONCLUSION

For the reasons stated above, I adopt the R&R as the opinion of the Court. Accordingly, Plaintiffs' motion for default judgment is DENIED as to Zhou and Wu for failure to comply with Local Rule 55.2 and DENIED as to all Defendants for failure to state a FLSA claim. Plaintiffs' Complaint is dismissed without prejudice, and the Clerk of Court is respectfully directed to close the case.[3]

SO ORDERED.

Dated: March 3, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[3] Plaintiffs have also moved for attorneys' fees if they prevail on the motion for default judgment. (D.E. # 100.) Because Plaintiffs' motion for default judgment is denied, I will also deny the motion for attorneys' fees. For the same reasons, I deny Plaintiffs' motion to strike Defendants' answer because it seeks the same relief—a default judgment. (See D.E. # 94; R&R 17 n.1.)